

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ESTATE OF RICHARD CALLAHAN, by and through**      PLAINTIFFS
**DANIEL CALLAHAN, administrator; and**
**JOEY MINCEY**

VS.      CAUSE NO. 3:22cv-623-CWR-FKB

**UNITED STATES OF AMERICA; and**
**UNITED STATES POSTAL SERVICE; and**
**JESSICA NICOLE MITCHELL in her individual capacity; and**
**JOHN DOES 1-10; and**
**JANE DOES 1-10; and**
**ABC CORPORATIONS 1-10**      DEFENDANTS

## COMPLAINT
### (JURY TRIAL DEMANDED)

**COMES NOW** your Plaintiffs, the Estate of Richard Callahan and Joey Mincey, by and through their attorneys of record, Derek L. Hall, PC, and files this their *Complaint* against the Defendants herein, and in support of said *Complaint*, would show unto this Honorable Court the following, to-wit:

### INTRODUCTION

1. This is a personal injury action brought against Defendants arising from a motor vehicle collision that occurred on or about May 18, 2020, whereby Plaintiffs suffered injuries due to the negligence of Defendants, as described herein.

### PARTIES

2. The Estate of Richard Callahan (sometimes hereinafter referred to as the "Estate" or "Callahan") is administered by Daniel Callahan, presently an adult resident of Rankin County,

Mississippi. At the time of the motor vehicle collision, Richard Callahan was an adult resident of Rankin County, Mississippi.

3. Joey Mincey (sometimes hereinafter referred to as "Mincey") was an adult resident of Rankin County, Mississippi at the time of the motor vehicle collision. Mincey is currently a resident of Rankin County, Mississippi.

4. Defendant, the United States of America, (hereinafter referred to as "Defendant" or "U.S.A."), is the United States Government, which may be served by delivering a copy of the summons and complaint to the United States Attorney for the Southern District of Mississippi.

5. Defendant, the United States Postal Service (sometimes hereinafter referred to as "Defendant(s)" or "USPS") is an agency of the United States of America and may be served by delivering a copy of the summons and complaint to the United States Attorney for the Southern District of Mississippi.

6. Based upon information and belief, Defendant Jessica Nicole Mitchell (sometimes hereinafter referred to as "Mitchell") was an employee of the USPS who was driving the vehicle on the date of the motor vehicle collision may be served by delivering a copy of the summons and complaint to the United States Attorney for the Southern District of Mississippi.

## JURISDICTION AND VENUE

7. This Court possesses original jurisdiction under the Federal Tort Claims Act (hereinafter referred to as "FTCA"), Title 28 §§ 1346(b) and 2671-2680, *et seq.*, as it contains claims against the United States of America for money damages arising from personal injury caused by the negligent or wrongful act of omission of (an) employee(s) of the Government while acting within the scope of his/her/their employment, under circumstances where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place wehre the act or omission occurred.

8. In addition, this Court has supplemental jurisdiction under Title 28 U.S.C. § 1367 in that the Court has original jurisdiction and the claims are so related to the claims in the original actions such that they form a part of the same case or controversy.

9. This Court has personal jurisdiction over the Defendants as they do business in the State of Mississippi and committed torts in whole or in part in the State of Mississippi. Defendants' contacts with the State of Mississippi were at all relevant times systematic and continuous such that the exercise of jurisdiction comports with the notions of fair play and substantial justice.

10. Venue is proper under Title 28 U.S.C. § 1391, in the Northern Division of the Southern District Court of Mississippi because a substantial part of the events or omissions giving rise to this claim occurred within the Northern Division of the Southern District of Mississippi.

11. Plaintiffs have complied with all conditions precedent and exhausted all administrative remedies necessary to maintain this action, including those set-forth in the FTCA: Title 28 §§ 1346(b) and 2671-2680, *et seq.*.

## FACTS

12. On or about May 18, 2020, Callahan was the driver of a motor vehicle travelling westbound on Louis Wilson Drive, in Rankin County, Mississippi. Mincey was a passenger riding in Callahan's vehicle.

13. On or about May 18, 2020, Defendant Driver Mitchell was a driver of a USPS vehicle leaving Lanoah Lane and entering Louis Wilson Drive, in Rankin County, Mississippi.

14. As Mitchell pulled out from Lanoah Lane and entered Louis Wilson Drive, she attempted to make a U-turn back onto Louis Wilson Drive. When Mitchell pulled onto Louis Wilson Drive,

she collided with Callahan's vehicle, causing disabling damage to both vehicles. The plaintiffs and Mitchell were all transported to receive medical care.

15. On or about May 18, 2020, Defendant USPS and USA (hereinafter collectively referred to as "Defendant Owners") were the owners of the USPS vehicle driven by Defendant Driver Mitchell.

16. On the date of the collision, Defendant Owners entrusted the operation of the USPS vehicle to Defendant Mitchel, an employee of Defendant Owners.

17. At all times relevant and material herein, Defendant Mitchell was acting within the course and scope of Defendant Mitchell's employment with Defendant Owners.

18. Based upon information and belief, Defendant Michell was transporting parcels, goods, and merchandise at the time of the collision for an unknown third-party or parties, who are currently unknown to Plaintiffs but will be determined through formal discovery.

19. Based upon information and belief, Defendant Mitchell was transporting parcels, goods, and merchandise to and from various locations at the time of the collision for a unknown third-parties, who are currently unknown to Plaintiffs but may be determined through formal discovery.

20. Plaintiffs now seek recovery from Defendants for the injuries they sustained as a result of the collision.

## NEGLIGENCE AS TO DEFENDANT MITCHELL

21. Plaintiffs reassert and re-allege each fact and allegation in Paragraphs 1-20, of this *Complaint* and incorporates them by reference, as if fully set forth herein.

22. The subject collision and resulting damages were proximately caused by Michell's negligent acts with no contributory negligence on behalf of Plaintiffs.

23. Mitchell breached her duty of care on the date of the collision, when Defendant Mitchell failed to operate the USPS vehicle in a lawful, prudent and proper manner, struck Plaintiff Callahan's motor vehicle, failed to maintain a proper lookout, failed to yield the right of way, failed to maintain reasonable control of the USPS vehicle, drove the USPS vehicle in excess of the speed limit, failed to use brakes, failed to slow the USPS vehicle, failed to stop the USPS vehicle, failed to maintain control of the USPS vehicle, failed to avoid the collision, failed to adhere to the Rules of the Road, failed to adhere to all federal code sections governing the operation of the USPS vehicle, and committed other general acts of negligence as may be determined throughout the course of discovery.

24. It was the duty of Defendant Mitchel to exercise reasonable and ordinary caution and care in the operation of the USPS vehicle on the public roadways of the State of Mississippi and to operate such vehicle in such a reasonably safe manner that the general public, and Plaintiffs, would be free from unreasonably dangerous conditions created by Defendant Mitchell.

25. Such failures by Defendant Mitchell constitute a careless and reckless operation by Defendant Mitchell of the USPS vehicle.

26. As a direct and proximate result of the collision, Plaintiffs have suffered severe and debilitating injuries, pain and suffering, emotional distress, loss of wages, property loss, as well as loss of enjoyment of life, all of which entitle Plaintiffs to recovery of, from, and against Defendants.

**NEGLIGENCE AS A MATTER OF LAW AS TO DEFENDANT MITCHELL**

27. Plaintiffs reassert and re-allege each fact and allegation in Paragraphs 1-26, of this *Complaint* and incorporate them by reference, as if fully set forth herein.

28. The subject collision and resulting damages were proximately caused by Defendant Mitchell's negligent acts with no contributory negligence on behalf of Plaintiffs.

29. Defendant Mitchell violated criminal statutes of the State of Mississippi on the date of the collision.

30. Specifically, Defendant Mitchell violated the following statutes of the State of Mississippi: Sections 63-3-703, 63-3-707, 63-3-1201, and 63-3-1213, among other "Rules of the Road," including all federal regulations applicable to Defendant.

31. Defendant Mitchell owed a duty to Plaintiffs to abide by the laws as outlined in the specific statutes listed herein.

32. Plaintiffs further allege that each statute named herein provides for a criminal penalty.

33. Plaintiffs would allege that the standard of conduct required by each individual statute is clearly defined within the statute and that Defendant Mitchell breached such standard of conduct on the date of the collision.

34. Finally, each individual statute was designed to protect a specific type of person from a specific harm.

35. Plaintiffs fall within each statute's class of protection, and each statute protects against the type of harm suffered by Plaintiffs.

36. Therefore, as a direct, immediate, and proximate result of Defendant Mitchell's negligence as a matter of law, Plaintiffs have sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, lost wages, property damage, and mental anguish, along with other damages to be proven at a trial of this matter.

## NEGLIGENCE AS TO DEFENDANT OWNERS

37. Plaintiffs reassert and re-allege each fact and allegation in Paragraphs 1-36, of this *Complaint* and incorporate them by reference, as if fully set forth herein.

38. Defendants USPS and USA are liable for the negligence and negligence as a matter of law of their employee, Defendant Mitchell.

39. The subject collision and resulting damages were proximately caused by each Defendant Owner's negligent acts with no contributory negligence on behalf of Plaintiffs.

40. Defendant Owners were negligent in allowing Defendant Mitchell to operate their USPS vehicle and said negligence was a contributing factor in the subject collision.

41. At all times material and relevant herein, Defendant Mitchell, while acting in the scope of her duties as an employee of Defendants USPS and USA, when Defendant Mitchell failed to operate the USPS vehicle in a lawful, prudent and proper manner, struck Plaintiff Callahan's motor vehicle, failed to maintain a proper lookout, failed to yield the right of way, failed to maintain reasonable control of the USPS vehicle, drove the USPS vehicle in excess of the speed limit, failed to use brakes, failed to slow the USPS vehicle, failed to stop the USPS vehicle, failed to maintain control of the USPS vehicle, failed to avoid the collision, failed to adhere to the Rules of the Road, failed to adhere to all federal code sections governing the operation of the USPS vehicle, and committed other general acts of negligence as may be determined throughout the course of discovery.

42. At all times material and relevant herein, Defendants USPS and USA are responsible for the operation of the vehicle driven by Defendant Mitchell.

43. Defendants USPS and USA breached their duty of care owed to Plaintiffs by allowing a negligent, unfit driver to operate their USPS vehicle on the date of the collision.

44. Defendants USPS and USA are further liable for all damages sustained by Plaintiffs as a result of Defendant Mitchell's negligence as a matter of law.

45. Defendants USPS and USA further failed to properly train Defendant Mitchell as to the proper operation of their USPS vehicle, and such failure to train directly and proximately caused the motor vehicle collision.

46. As a direct and proximate result of the collision and Defendants USPS and USA's negligence and negligence as a matter of law, Plaintiffs have suffered severe and debilitating injuries, pain and suffering, loss of wages, property damage, as well as loss of enjoyment of life, all of which entitle Plaintiffs to recovery of, from, and against Defendants USPS and USA.

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO ALL DEFENDANTS**

47. Plaintiffs reassert and re-allege each fact and allegation in Paragraphs 1-46, of this *Complaint* and incorporates them by reference, as if fully set forth herein.

48. Based upon the actions of Defendants, as described and alleged herein, Plaintiffs have suffered severe emotional distress.

49. Defendants are legally responsible for Plaintiffs' emotional distress and damages arising therefrom.

50. Defendants' negligence caused Plaintiffs to suffer physical harm with emotional distress, and the conduct exhibited by Defendants was a substantial factor in causing Plaintiffs' emotional distress, and it was expected, foreseeable, and predictable, that Defendants' conduct would cause Plaintiffs emotional distress.

51. As a direct, immediate, and proximate result of Defendants' negligent infliction of emotional distress, as described herein, Plaintiffs have sustained damages of a personal and

pecuniary nature, including physical, mental and emotional injury and pain, and mental anguish, along with other damages to be proven at a trial of this matter.

## FICTITIOUS PARTIES

52. Plaintiffs adopt each material averment of this *Complaint* as if fully set out herein.

53. Plaintiffs further aver that the negligence and omissions of the Fictitious Defendants, identified as Defendants "John Does 1-10" and "Jane Does 1-10," combined and convened with the rest of the named Defendants to proximately cause the Plaintiff's injuries and damages. Defendants "John Does 1-10" and Jane Does "1-10," whose current names and identities are unknown to the Plaintiffs will be correctly named and identified when they are ascertained.

54. Plaintiffs further aver that the negligence and omissions of the Fictitious Defendants, identified as Defendants "ABC Corporations 1-10," combined and convened with the rest of the named Defendants to proximately cause the Plaintiff's injuries and damages. Defendants "ABC Corporations 1-10" whose current names and identities are unknown to the Plaintiffs will be correctly named and identified when they are ascertained.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Estate of Richard Callahan and Joey Mincey, pray for judgment of, from and against Defendants in an amount to be determined by a jury or Court that fully and fairly compensates Plaintiffs, including all costs incurred and any prejudgment or post-judgment interest. Plaintiffs further prays for any other general relief which Plaintiffs may be entitled.

RESPECTFULLY SUBMITTED, this the 24th day of October 2022.

                ESTATE OF RICHARD CALLAHAN
                JOEY MINCEY

                BY: DEREK L. HALL, PC

Derek L. Hall (MSB# 10194)
Adam A. Bollaert (MSB# 105396)
DEREK L. HALL, PLLC
370 Towne Center Blvd.
Ridgeland, MS 39157
Telephone: (601) 202-2222
Email: derek@dlhattorneys.com
Email: adam@dlhattorneys.com