IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ESTATE OF RICHARD CALLAHAN,** *by and through Daniel Callahan, Administrator*, **and JOEY MINCEY**,

        *Plaintiffs*,

*v.*

**UNITED STATES OF AMERICA, JOHN DOES 1-10, JANE DOES 1-10, and ABC CORPORATIONS 1-10**,

        *Defendants*.

CAUSE NO. 3:22-CV-623-CWR-FKB

## ORDER

Before the Court is the Defendant's *Motion to Dismiss Plaintiff Richard Callahan*. Docket No. 30. The Government asks this Court to dismiss the claims of Richard Callahan pursuant to Rule 25(a). It contends that "dismissal of the action by the decedent is required" because Richard Callahan died on August 29, 2022 and failed to seek substitution within the time allotted by Rule 25.

Rule 25(a)(1) provides that if a party dies and its claims are not extinguished, the decedent's successor or representative may file a motion for substitution. Fed. R. Civ. P. 25(a)(1). Said motion must be filed "within 90 days after service of a statement noting the death" and, if it is not, the "action by or against the decedent must be dismissed." *Id.*

This action was commenced on October 24, 2022 by the *Estate* of Richard Callahan and Joey Mincey. Docket No. 1. It proceeded through the normal course of litigation. Plaintiffs'

counsel filed a Suggestion of Death on March 5, 2023. Docket No. 11. That notice said Richard Callahan died "on August 29, 2022, during the pendency of this case." *Id.*

That last line, of course, does not stand to reason. If Mr. Callahan died in August 2022, he died *before* the pendency of this case.

The Government construed the Suggestion of Death as starting the 90-day clock for Mr. Callahan's successor or representative to file a motion for substitution pursuant to Rule 25. But Mr. Callahan died before the commencement of this action. In fact, the action was expressly brought by his Estate, by and through its administrator, Daniel Callahan. His Estate was always the only entity with a "stake in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

The Court concludes that no substitution was required in this matter, because Richard Callahan was never a named party. The Government's motion is, therefore, denied as moot.

**SO ORDERED**, this the 9th day of February, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
